**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3853-15T3

MIDLAND FUNDING, L.L.C.
CURRENT ASSIGNEE (CHASE
BANK, USA, N.A., ORIGINAL
CREDITOR),

    Plaintiff-Respondent,

v.

STEVE HOSANG,

    Defendant-Appellant.

_____

> Submitted June 26, 2017 — Decided July 13, 2017
>
> Before Judges Fisher and Fasciale.
>
> On appeal from Superior Court of New Jersey,
> Law Division, Burlington County, Docket No.
> L-824-13.
>
> Steve HoSang, appellant pro se.
>
> Pressler and Pressler, L.L.P., attorneys for
> respondent (Lawrence J. McDermott, Jr., on the
> brief).

PER CURIAM

    Defendant appeals from an April 1, 2016 order granting

plaintiff's motion to vacate an administrative dismissal of the

complaint and entering default judgment. We reverse and remand for further proceedings.

In March 2013, plaintiff filed a complaint seeking damages related to defendant's alleged credit card debt. In June 2013, defendant attempted to answer the complaint, but the clerk's office returned the answer as non-conforming. The court entered default in August 2013. In February 2014, the court dismissed the complaint for lack of prosecution. The matter remained dormant for approximately two years.

In March 2016, plaintiff filed its motion to vacate the dismissal order and enter default judgment. Defendant opposed the motion essentially arguing that the statute of limitations barred plaintiff's complaint, and that plaintiff failed to show it was an assignee of the original lender. The judge entered the order under review, which awarded plaintiff judgment in the amount of $22,961.72 plus costs, without rendering a statement of reasons, providing conclusions of law, or indicating whether he considered defendant's opposition.

On appeal, defendant maintains that plaintiff's complaint is time barred. Defendant also contends that the court lacked jurisdiction, and that there is insufficient evidence to support the judgment. Defendant urges us to reverse the order and enter any remedy that is just.

A-3853-15T3

As required by Rule 1:7-4, trial judges must "by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right[.]" See also In re Farnkopf, 363 N.J. Super. 382, 390 (App. Div. 2003) (requiring an adequate explanation of the basis for a court's action). The absence of findings or conclusions has hampered our review. On remand, the court is free to re-open the matter to more fully develop the record and adjudicate plaintiff's motion to vacate the administrative dismissal and request for default judgment.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION